UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN C.,

                Plaintiff,

v.                                               CASE NO. 1:22-cv-00365 (JGW)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HILLER COMERFORD INJURY & DISABILITY LAW<br>  Counsel for Plaintiff<br>6000 North Bailey Avenue<br>Suite 1A<br>Amherst, NY 14226 | JUSTIN D. JONES, ESQ.<br>KENNETH R. HILLER, ESQ.<br>IDA M. COMERFORD, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | VERNON NORWOOD, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is GRANTED, the Commissioner's motion is

1

DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings as set forth below.

I.     **RELEVANT BACKGROUND**

    A.     **Factual Background**

Plaintiff was born on November 24, 1979, and has less than a high school education. (Tr. 277, 290). Generally, plaintiff's alleged disability consists of posttraumatic stress disorder (PTSD), bad knees, a bad back, and right shoulder issues. (Tr. 276). His alleged disability onset date is January 1, 2011, and his date last insured was December 31, 2015. (Tr. 290).

    B.     **Procedural History**

On October 5, 2020, plaintiff protectively applied for a period of Disability Insurance Benefits (DIB) under Title II of the Social Security Act. (Tr. 200). Plaintiff's application was denied initially and upon reconsideration. He timely requested a hearing before an Administrative Law Judge (ALJ). On November 30, 2021, plaintiff appeared telephonically before ALJ Paul Georger. (Tr. 33-67). On January 31, 2022, ALJ Georger issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 10-28). On March 18, 2022, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

    C.     **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2015.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of January 1, 2011 through his date last insured of December 31, 2015 (20 CFR 404.1571 et seq.).

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the lumbar spine with radiculopathy; obesity; degenerative joint disease of the left knee; labral tear and subacromial bursitis of the right shoulder, status-post surgical repair; and post-traumatic stress disorder (PTSD) (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except he could reach overhead occasionally with the right arm. He could climb ramps and stairs occasionally. He could never climb ladders, ropes or scaffolds. He could balance, stoop, kneel, crouch, and crawl occasionally. He was limited to simple, routine, and repetitive tasks and simple work-related decisions, with occasional interaction with supervisors, coworkers, and the general public. He could tolerate few changes in a routine work setting, defined as occasional changes in the worksite and routine.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on November 24, 1979 and was 36 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2011, the alleged onset date, through December 31, 2015, the date last

insured (20 CFR 404.1520(g)).

(Tr. 10-28).

## II. THE PARTIES' BRIEFINGS

### A. Plaintiff's Arguments

Plaintiff makes two separate arguments in support of his motion for judgment on the pleadings. First, plaintiff argues that the vocational expert's testimony was not consistent with the Dictionary of Occupational Titles, and the ALJ failed to elicit a reasonable explanation for the inconsistency. Second, plaintiff contends the ALJ failed to conduct an analysis of plaintiff's stress or include a specific stress limitation in the RFC despite finding an opinion assigning moderate stress limitations persuasive. (Dkt. No. 8 [Pl.'s Mem. of Law].)

### B. Defendant's Arguments

Defendant responds to each of plaintiff's arguments. First, defendant argues the ALJ properly incorporated the moderate stress limitations into the RFC. (Dkt. No. 10 at 12 [Def.'s Mem. of Law]). Second, defendant replies there was no conflict between the vocational expert opinion and the Dictionary of Occupational Titles because the limitation for overhead reaching was not bilateral. (Id. at 17).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's

determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference,

and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### A. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. VE Testimony

Plaintiff argues remand is required because the ALJ did not reconcile the vocational expert (VE) testimony with the Dictionary of Occupational Titles[1] (DOT) regarding reaching limitations. (Dkt. No. 8 at 10). VE Diane Durr was telephonically present and testified at the hearing. (Tr. 33). The ALJ asked her to consider a hypothetical individual of plaintiff's age, education, work experience, and RFC, which included

---

[1] U.S. Department of Labor's Dictionary of Occupational Titles (4th ed., rev. 1991).

occasionally[2] reaching overhead with the right arm. (Tr. 63). VE Durr responded that such an individual could perform the requirements of light, unskilled occupations, such as an assembly table worker (DOT 734.687-014), a price marker (DOT 209.587-034), and an office helper (DOT 239.567-010). Prior to his inquires to the VE, the ALJ reminded the VE of her duty to advise of any conflicts between her opinion and the information in the DOT. (Tr. 60-61). The ALJ did not ask the VE at the conclusion of her testimony if it was consistent with the DOT, and the VE did not voluntarily state if it was or was not consistent with the DOT. (60-63). At step five of the sequential evaluation, the ALJ noted that vocational expert's testimony was relied upon in the final decision. (Tr. 28).

Plaintiff asserts there was a conflict between the DOT and VE Durr's testimony that was not reconciled by the ALJ. (Dkt. No. 8 at 11). Plaintiff argues the discrepancy exists because the jobs identified by the VE required reaching frequently[3], but the hypothetical was for only occasional overhead reaching with the right arm. (Tr. 63). The Court agrees that the ALJ did not resolve the conflict between the VE testimony and the DOT before relying on it at step five.

Social Security defines reaching as "extending the hands and arms in any direction." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 91 (2d Cir. 2019)(quoting SSR 18-15). While District Courts have varied in their findings and interpretation of *Lockwood*, essentially the Second Circuit held that the reaching requirements of the identified positions created an apparent inconsistency that required the ALJ to probe the conflict before he could be permitted to rely on the VE's testimony,

---

[2] "Occasional" means occurring from very little up to one-third of the time, or no more than about two hours of an eight-hour workday. See SSR 83-10.
[3] DOT defines "constant" as existing two third of the time or more and frequently as from one-third to two-third of the time. See DICOT 739.687-030 (G.P.O.), 1991 WL 680180.

even if only with one extremity. *Id.* at 92. In his brief to the Court, plaintiff accurately predicted that the defendant would attempt to distinguish this case from *Lockwood* because plaintiff here was only restricted from reaching with one arm. (Dkt. No. 8 at 13). The Court finds persuasive the reasoning of those courts which have concluded that in order "to perform a job that involves 'occasional' reaching, the claimant must also be able to 'occasionally' reach overhead," and a limitation precluding reaching overhead with one arm presents a conflict with such a position. *Jennifer S. v. Comm'r of Soc. Sec.*, No. 1:23-CV-0009 EAW, 2024 WL 411969, at *5 (W.D.N.Y. Feb. 5, 2024)(collecting cases). In the pending matter, plaintiff's impairments are limited to his right side, and he testified about the right shoulder pain. (Tr. 44). The ALJ found the medically severe impairments of labral tear and subacromial bursitis of the right shoulder, status-post surgical repair. (Tr. 15).

The ALJ has an affirmative responsibility to inquire about any possible conflict between the VE's testimony and the information provided in the DOT. SSR 00-04p. While the VE is entitled to rely on her professional experience to testify that based on her expertise overhead reaching is not required in the jobs identified, this testimony was not elicited by the ALJ. Unlike in similar cases, the ALJ here did not make an appropriate inquiry of the VE and obtain a reasonable explanation as to the apparent reaching conflict. *See Tafazwa S. v. Comm'r of Soc. Sec.*, No. 22-cv-10736 (GRJ), 2023 WL 6390625, at *6 (S.D.N.Y. Oct. 1, 2023). Significantly, the matter of only one extremity being involved does not relieve the ALJ of his duty. Neumeister v. Comm'r of Soc. Sec., No. 19-CV-00742, 2020 WL 3412469, at *5 (W.D.N.Y. June 22, 2020) (collecting cases). In fact, no inquiry was made at all with the ALJ 'taking the (vocational expert) at her word', an omission frowned upon in *Lockwood*. *Lockwood* 914 F.3d at 93 (*quoting Washington v.*

*Comm'r of Soc. Sec.*, 906 F.3d 1353, 1366 (11th Cir. 2018)). In sum, the ALJ failed to ask the VE about potential conflicts with the DOT jobs identified and remand is required for further proceedings. *Roderick R. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00577-TPK, 2023 WL 3642035, at *7 (W.D.N.Y. May 25, 2023) ("Can a person who can reach overhead frequently with only one arm do such tasks as required in a typical workday? Perhaps. But the record here does not contain an adequate basis for the ALJ's determination that plaintiff could still do either that job or the other two jobs identified by the expert which also require frequent reaching. Simply put, the ALJ needed to explore this question further in order to fulfill her duty to conduct a 'meaningful investigatory effort.' Consequently, a remand for further proceedings is required.").

As set forth above, plaintiff has identified additional reasons why he contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted).

ACCORDINGLY, it is

ORDERED that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is GRANTED; and it is further

ORDERED that Defendant's motion for judgment on the pleadings (Dkt. No. 10) is DENIED; and it is further

ORDERED that this matter is REMANDED pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: August 12, 2024         J. Gregory Wehrman  
Rochester, New York         HON. J. Gregory Wehrman  
       United States Magistrate Judge